UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| JOHN DOE, | Case No.: |
| Plaintiff, | |
| v. | Judge: |
| | Magistrate Judge: |
| THE ENTITIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS LISTED ON SCHEDULE A, | **JURY DEMAND** |
| Defendants. | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**I.     INTRODUCTION**

1.     Plaintiff John Doe[1] is a manufacturer and seller of a popular consumer product that has recently garnered widespread success.

2.     Defendants—an array of entities, partnerships, and unincorporated associations—operate online storefronts offering illegal knockoffs of Plaintiff's product, damaging Plaintiff's reputation and diverting legitimate sales.

3.     To combat Defendants' ongoing misconduct, Plaintiff brings this action seeking injunctive relief, damages, and an immediate end to Defendants' profiting from counterfeit goods.

---

[1] Plaintiff files the instant Complaint under a pseudonym and with minimal identifying details concerning its product. Plaintiff will move for leave to file an Amended Complaint under seal and for an ex parte Temporary Restraining Order once the Court assigns a Judge, thereby preserving Plaintiff's ability to recover damages it is owed by preventing Defendants from, on receiving notice of the suit, absconding with assets they gained by violating Plaintiff's rights.

## II. NATURE OF THE CASE

4. Plaintiff is the owner of valuable intellectual property associated with its product, including federally registered trademarks, copyrights, and distinctive trade dress.

5. Plaintiff diligently developed, promoted, and sold its product, expanding its market presence through conventional retail avenues and online channels.

6. With increased visibility and commercial success, Plaintiff discovered that Defendants were advertising and selling counterfeit versions of Plaintiff's product, bearing unauthorized reproductions of Plaintiff's registered marks, trade dress, and copyrighted materials.

7. Defendants' conduct has resulted in serious consumer confusion, eroded Plaintiff's goodwill, and inflicted significant financial harm.

8. Plaintiff seeks injunctive relief, damages, and other remedies to halt the ongoing infringement, recover lost revenues, and protect unsuspecting consumers from the purchase of counterfeit goods.

## III. THE PARTIES

9. Plaintiff John Doe is an individual or entity engaged in the design, manufacture, and sale of consumer products, currently withholding its actual name and identifiers to prevent Defendants from transferring assets or evading enforcement before Plaintiff's forthcoming *ex parte* motion is heard.

10. Defendants are the entities, partnerships, and unincorporated associations identified in Schedule A, which is being filed under seal. Defendants are engaged in manufacturing, advertising, distributing, and/or selling counterfeit products bearing infringing marks, trade dress, and copyrighted materials belonging to Plaintiff.

## IV. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1332, and 1338, and supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over Defendants because they conduct business in this District and/or intentionally direct infringing conduct toward consumers in this District, including sales of counterfeit goods shipped into the District.

13. Venue is proper in this District under 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in, or were directed to, the Middle District of Tennessee.

14. In addition, Defendants specifically target consumers within this District by offering to sell and ship infringing products into this forum.

## V. FACTUAL BACKGROUND

15. Prior to 2017, Plaintiff's founder conceived of a unique puzzle-style consumer product aimed at casual and hobbyist audiences.

16. Plaintiff's founder spent considerable time refining the product's concept, securing federal trademark registrations in 2020. Plaintiff is the current owner of the federal trademark registrations.

17. Additionally, Plaintiff owns U.S. copyright registrations for multiple copyrighted works that it has used in promoting the product.

18. Plaintiff's founder initially invested in a small-scale manufacturing process, assembling initial units by hand and distributing them through local channels.

19. In late 2019, Plaintiff's founder introduced the product to broader markets and began tracking steady sales.

20. Over the next year, consumer interest increased, partly due to positive word-of-mouth and appearances at trade shows.

21. In 2021, Plaintiff's founder's product gained viral attention on social media, driving a significant surge in demand.

22. This surge led to intermittent inventory shortages, causing many prospective customers to face longer lead times or unavailability.

23. Plaintiff was founded in 2022.

24. Between 2022 and 2023, Plaintiff increased production volumes multiple times to satisfy the growing number of orders.

25. Despite increasing inventory, stock ran out again in late 2023 due to heightened consumer enthusiasm and holiday season pressures.

26. In early 2024, Plaintiff began negotiating with new manufacturing partners to accommodate larger-scale production and streamline fulfillment.

27. By mid-2024, Plaintiff arranged for overseas manufacturing to expedite production and improve distribution.

28. Shortly after expanding production capacity, Plaintiff learned of online sellers offering identical or near-identical counterfeits of its product.

29. Many of the counterfeit products bear the federally registered mark of the genuine product.

30. Many of the counterfeit products mimic the distinctive trade dress of the genuine product.

31. Many of the online product listings for the counterfeit products use the federally registered mark, or a confusingly similar variant of the registered mark, to identify or describe the counterfeit product.

32. Many of the online product listings for the counterfeit products appear in Internet searches or e-commerce site searches for the registered mark, and the corresponding Defendants thereby purposefully avail themselves of the goodwill of the registered mark.

33. Some of the online product listings for the counterfeit products appear as sponsored advertisements when the registered mark is searched, and the corresponding Defendants thereby purposefully avail themselves of the goodwill of the registered mark.

34. Plaintiff discovered these unauthorized sellers on various e-commerce platforms and social media marketplaces.

35. Many unauthorized listings display images, text, and/or videos that closely mimic or directly copy Plaintiff's copyrighted promotional materials.

36. Plaintiff also identified false or misleading advertisements claiming that the counterfeit goods were official or otherwise linked to Plaintiff.

37. Consumer confusion increased, as evidenced by negative reviews and direct inquiries from individuals who believed they had purchased Plaintiff's genuine product.

38. Plaintiff's investigation revealed that multiple entities, often based overseas, set up impromptu online storefronts to sell these infringing goods.

39. Plaintiff initially determined that approximately 60 such stores were operating concurrently and suspected more might be launched under new names.

40. To date, Plaintiff has identified 198 unique stores selling counterfeit products or infringing its intellectual property rights in conjunction with the sale of products.

41. The influx of counterfeit goods has damaged Plaintiff's goodwill and undermined the genuine product's reputation for quality.

## COUNT I

### (Trademark Infringement – 15 U.S.C. § 1114)

42. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. Plaintiff owns a valid and subsisting federal registration for a distinctive trademark (the "Mark"), which appears on its product, packaging, and marketing materials.

44. Defendants, without Plaintiff's authorization, have used and continue to use in commerce a mark identical to or confusingly similar to Plaintiff's Mark in connection with the sale and/or offering for sale of counterfeit versions of Plaintiff's product.

45. Defendants' actions are likely to cause and have caused consumer confusion, and are likely to cause and have caused mistake or deception as to the source, affiliation, and/or sponsorship of Defendants' counterfeit goods.

46. Defendants have infringed Plaintiff's federally registered Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47. Defendants' unlawful activities have caused, and will continue to cause, irreparable harm to Plaintiff unless preliminarily and permanently enjoined.

## COUNT II

### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

48. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

49. Plaintiff's product is sold in packaging featuring a distinctive appearance (the "Trade Dress"), which is non-functional, has acquired secondary meaning, and serves to identify Plaintiff as the source of the product.

50. Defendants are using counterfeit, imitation packaging that copies the overall look and feel of Plaintiff's Trade Dress, thereby causing confusion or mistake regarding the source or sponsorship of the goods.

51. Defendants' conduct constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. As a direct and proximate result of Defendants' actions, Plaintiff has been irreparably harmed and has no adequate remedy at law.

## COUNT III

### (Copyright Infringement – 17 U.S.C. § 501)

53. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

54. Plaintiff owns valid copyrights in the product's promotional images, videos, textual works, and other original content (the "Copyrighted Works").

55. Defendants have reproduced, distributed, made derivative works of, and otherwise used Plaintiff's Copyrighted Works without authorization in online listings and advertisements.

56. Defendants' unauthorized use of the Copyrighted Works violates the exclusive rights granted to Plaintiff under 17 U.S.C. § 106 and constitutes copyright infringement under 17 U.S.C. § 501.

57. Defendants' conduct has caused damages and other harm to Plaintiff, which entitles Plaintiff to injunctive relief, statutory damages or actual damages, and other remedies.

## COUNT IV

### (Unfair Competition – Tennessee Common Law)

58. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

59. By marketing and selling counterfeit and/or knockoff versions of Plaintiff's product, Defendants have engaged in unfair competition under Tennessee common law.

60. Defendants' actions mislead consumers into believing the infringing goods originate from, or are associated with, Plaintiff, causing confusion and harm to Plaintiff's business reputation.

61. Defendants' actions were and are willful, intentional, and/or undertaken with reckless disregard for Plaintiff's rights.

62. As a direct result of Defendants' unfair competition, Plaintiff has suffered and continues to suffer irreparable injury and monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor against all Defendants, and award relief including, but not limited to:

A. **Preliminary and Permanent Injunctions** enjoining Defendants from manufacturing, importing, advertising, or selling counterfeit or knock-off products bearing Plaintiff's marks, trade dress, or copyrights;

B. **An *ex parte* Temporary Restraining Order** to freeze Defendants' financial accounts and restrain further transfer of assets;

C. **An Order** requiring Defendants to disable and/or remove the counterfeit and knockoff product listings from the stores identified in Schedule A and any other listings that infringe Plaintiff's intellectual property;

D. **Statutory, Compensatory, and Treble Damages** arising out of Defendants' infringement and unfair competition, including costs, attorneys' fees, and interest where authorized by law;

E. **Any other and further relief** that the Court deems just, proper, and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/Chanelle Acheson*_____
Chanelle Acheson (TN BPR #30008)
**Waddey Acheson LLC**
1030 16th Ave S, Suite 300
Nashville, TN 37212
615-839-1100
chanelle@waddeyacheson.com


Counsel for Plaintiff John Doe