UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GRAND ISLE GAMES, LLC,<br>Plaintiff<br><br>V.<br>THE ENTITIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS LISTED ON SCHEDULE A,<br>Defendant | Case No.: 3:25-cv-00390<br>Judge: Aleta A. Trauger |

# Motion to Dismiss Plaintiff's Complaint
# under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure

Defendant <u>Tlovvvar</u> (Def No.224) is an online store owned by a Chinese individual named Ping Liu, who locates in Hunan, China. Plaintiff initiated the lawsuit in the Tennessee Court. However, Defendant sold 0 of the accused products to the United States. Plaintiff failed to establish the court's personal jurisdiction over the defendant, nor did it state a claim upon which relief can be granted. Therefore, Defendant respectfully requests the Court to dismiss plaintiff's complaint. Specifically:

In the instant case, Plaintiff only presented accused product's link[1] as evidence to initiate the lawsuit. Defendant believes that plaintiff's evidence is insufficient to support its claims.

**First**, through only accused product's link without visual evidence, the plaintiff cannot prove that the alleged sale was targeted at residents of Tennessee. That is, Plaintiff failed to establish the minimum contact between defendant and Tennessee. See Illinois v. Hemi Group,

---
[1] https://www.walmart.com/ip/The-Crossword-Solitaire-Game-Twelve-Dice-Letters-Set-Word-Games-Dice-Game-Set-Travel-Case-Dice-Camping-Desk-Toy-Portable-Game-Camping-Games-Education/13244361877?classType=VARIANT&selectedSellerId=102515830&from=/search

LLC, 622 F.3d 754, 760 (7th Cir. 2010) ( "Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not hauled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.' "); See also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 803 (7th Cir. 2014) ("Having an interactive website . . . should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible.").

**Second**, according to the accused product's link presented by Plaintiff, it appears that the Item ID is <u>13244361877</u>. By searching for this Item ID on the backend of store, Defendant found that 0 of the accused products were sold to the United States, let alone Tennessee. The platform Walmart also reported to Plaintiff that the store sold 0 accused product.

**Third**, Defendant has no regular and established place of business in Tennessee. Defendant does not maintain any offices, employees, or telephone listings in Tennessee. Defendant has no manufacturing facility or distribution facility in Tennessee. Defendant does not have any employees who visit Tennessee for business purposes. Defendant's actions did not cause any harm to the residents of Tennessee. Therefore, Plaintiff's complaint should be dismissed for lack of personal jurisdiction.

**Fourth**, due to lack of visual evidence, Plaintiff even cannot clarify and indicate how accused product used plaintiff's Trademark or Copyright. As such, plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

**Therefore,** Defendant respectfully requests the court to:

a. Dismiss the defendant from the lawsuit;

b. Grant defendant's other relief the court deems proper and fair.

Date: June 17, 2025

Respectfully Submitted,

Signature: _Ping Liu_

Ping Liu

E-mail: renfanchao@yeah.net

Phone number: 135-9529-2355

No. 998 Taizi Road, Qingyun Street, Lusong District, Zhuzhou City, Hunan, China.