IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GRAND ISLE GAMES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:25-cv-00390 |
| ) | Judge Aleta A. Trauger |
| THE ENTITIES, PARTNERSHIPS, ) | |
| AND UNINCORPORATED ) | |
| ASSOCIATIONS LISTED ON ) | |
| SCHEDULE A, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

The plaintiff, Grand Isle Games, LLC, has filed an Opposed Motion for Leave to Amend Complaint ("Motion"). (Doc. No. 127.) For the reasons set forth herein, the court will deny without prejudice certain Motions to Dismiss that are pending and grant the Motion to Amend.

I. **FACTS & PROCEDURAL HISTORY**

The plaintiff owns intellectual property related to its word game Q-Less and has sued hundreds of defendants for selling knockoffs, alleging trademark, trade dress, and copyright infringement under federal statutes and unfair competition under state law. (*See generally* Complaint, Doc. No. 1.) The plaintiff now seeks leave to amend its Complaint to add two counts against nine defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*—one for a RICO violation under 18 U.S.C. § 1962(c) (Proposed Am. Complaint, Doc. No. 127-1 ¶¶ 84–95), and one for conspiracy under 18 U.S.C. § 1962(d) (*id.* ¶¶ 96–102)—and to add facts in support of the new claims (*id.* ¶¶ 45–62).

The nine defendants against whom the new RICO claims are alleged ("RICO Defendants") have filed two similar Responses. Defendant No. 19 (notionnovel.com) has filed a Response (Doc. No. 141) and a supporting Declaration (Doc. No. 141-1), and defendants Nos. 22 (concertchop.com), 27 (bamaxisboon.com), 24 (interestcen.com), 28 (classupery.com), 29 (beyonddraw.com), 25 (repertoireof.com), 26 (communicaten.com), and 32 (thrivenget.com) have filed a separate Response (Doc. No. 142) and supporting Declarations (Doc. Nos. 142-1 through 142-5). The plaintiff has filed one Reply (Doc. No. 144), responding to both Responses.

## II.   LEGAL STANDARDS

Rule 15 permits a party to amend its pleading "once as a matter of course" within twenty-one days after serving it or twenty-one days after service of a responsive pleading or certain motions under Rule 12. Fed. R. Civ. P. 15(a)(1). Once that window closes, a party may amend its pleading only with the opposing party's consent or by leave of court, but the court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, Rule 15(a)(2) "embodies a 'liberal amendment policy.'" *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). However, notwithstanding the liberality with which courts generally are to approach such motions, "a court need not grant a motion to amend when the reason for amendment is improper, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 617 (6th Cir. 2024) (quoting *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022) (internal quotation marks omitted)). Amendment is futile if, even after amendment, "the complaint still could not withstand a Rule 12(b)(6) motion to dismiss." *Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024) (quoting *Skatemore*, 40 F.4th at 737–38).

## III. DISCUSSION

### A. Motion to Amend

RICO provides a civil cause of action to "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). Thus, a RICO plaintiff must allege an injury to his business or property as a result of the RICO violation. *See Neisen v. Renfro*, No. 3:24-cv-01013, 2025 WL 284630, at *2 (M.D. Tenn. Jan. 23, 2025) (Crenshaw, J.) (citing *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 562 (6th Cir. 2013), *overruled on other grounds by Medical Marijuana, Inc. v. Horn*, 145 S. Ct. 931 (2025)). To prevail on a RICO claim, in turn, "a plaintiff must prove 'the following elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Portnoy v. Nat'l Credit Sys., Inc.*, 837 F. App'x 364, 372 (6th Cir. 2020) (quoting *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 791 (6th Cir. 2012)). To plead a pattern of racketeering, the plaintiff "must allege that the defendants committed at least two predicate acts of racketeering activity within a ten-year period." *Brown v. Knoxville HMA Holdings, LLC*, 447 F. Supp. 3d 639, 645 (M.D. Tenn. 2020) (Richardson, J.) (citing 18 U.S.C. § 1961(5)). And to state a RICO conspiracy claim, a plaintiff must "successfully allege all the elements of a RICO violation, as well as . . . the existence of an illicit agreement to violate the substantive RICO provision." *Grubbs v. Sheakley Grp., Inc.*, 807 F.3d 785, 805–06 (6th Cir. 2015) (quoting *Heinrich v. Waiting Angels Adoption Servs., Inc.,* 668 F.3d 393, 411 (6th Cir. 2012) (some internal quotation marks omitted) (omission in original)).

The RICO Defendants argue, in two similar briefs, on the sole basis of futility, that the court should deny the Motion because the Amended Complaint fails to state colorable RICO claims. Both briefs, signed by the same attorneys and repeating some passages verbatim, argue that the Proposed Amended Complaint fails to plead the existence of an enterprise; fails to plead the existence of injury to business or property; and fails to cure the original Complaint's

3

jurisdictional deficiencies the RICO Defendants identified in their respective Motions to Dismiss and accompanying briefs. (*See* Doc. No. 141 at 3–10; Doc. No. 142 at 4–8, 10–12.) Defendants Nos. 22, 27, 24, 28, 29, 25, 26, and 32—but not defendant No. 19—argue that the Proposed Amended Complaint does not plead predicate acts, sufficient to constitute a pattern of racketeering, as to each of them. (Doc. No. 142 at 9–10.) The plaintiff responds that it has alleged an enterprise, concrete business injuries, and RICO predicate acts, and that the Complaint's alleged jurisdictional deficiencies are mooted as to the RICO Defendants because RICO allows for nationwide service of process. (Doc. No. 144 at 2–6.)

The Sixth Circuit recently reaffirmed that "courts may deny a request [to amend] if the amendment would be futile." *Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross Blue Shield of Mich.*, No. 24-1367, --- F.4th ---, 2025 WL 2104569, at *12 (6th Cir. July 28, 2025) (citation omitted). As our sister court in this circuit has pointed out, however, "although courts *may* deny a motion to amend . . . on futility grounds, 'many courts, for reasons of practicality, decline to engage in a futility analysis at the motion to amend phase and opt instead to assess questions of plausibility later when ruling on the motion to dismiss.'" *L.H. v. Red Roof Inn, Inc.*, No. 3:22-cv-625-CHB-RSE, 2025 WL 714385, at *18 (W.D. Ky. Mar. 5, 2025) (emphasis in original) (quoting *Restocon Corp. v. Metro. Knoxville Airport Auth.*, No. 3:23-cv-142, 2023 WL 6614416, at *2 (E.D. Tenn. Aug. 25, 2023)); *see also Baird v. Nessel*, No. 24-11205, 2024 WL 4806488, at *1 (E.D. Mich. Nov. 15, 2024) ("Futility serves as a basis, not a mandate, to deny leave to amend." (collecting cases)). Another judge on this court has concluded that a "court cannot either grant or deny a motion to amend without at least *considering* the issue of futility," but a court may grant a motion to amend without "issuing a ruling as to futility." *HLFIP Holding, Inc. v. Rutherford Cnty.*, No. 3:19-cv-00714, 2021 WL 6498858, at *19 (M.D. Tenn. Nov. 15, 2021)

4

(Richardson, J.) (emphasis in original); *see also Banerjee v. Univ. of Tenn.*, 820 F. App'x 322, 328 (6th Cir. 2020) ("the court must consider, *inter alia*, '. . . futility of amendment.'" quoting *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005)).

The court, having reviewed the Proposed Amended Complaint and having considered the parties' arguments, does not find the amendment clearly futile. Given RICO's complexity, in its discretion the court declines to conduct a futility analysis to determine whether the Proposed Amended Complaint would survive a Rule 12(b)(6) motion. The court would be better positioned to conduct such an analysis after thorough motion to dismiss briefing, if the RICO Defendants renew their Motions to Dismiss under Rule 12(b)(6).

B.  **Motions to Dismiss**

"The general rule is that filing an amended complaint moots pending motions to dismiss." *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021). However, "district courts may exercise their discretion and apply a pending motion to dismiss to portions of an amended complaint that are 'substantially identical to the original complaint.'" *Id.* (quoting *Mandali v. Clark*, No. 2:13-cv-1210, 2014 WL 5089423, at *2 (S.D. Ohio Oct. 9, 2014)). In this case, the Proposed Amended Complaint is substantially identical to the original Complaint but for the two new RICO claims and the facts supporting them. Nevertheless, in the interest of efficiency, and under the court's inherent authority to manage its docket and in the exercise of its discretion, *see Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citation omitted), the court will deny the Motions to Dismiss the original Complaint filed by defendant No. 19 (Doc. No. 128) and defendants Nos. 22, 27, 24, 28, 29, 25,

5

26, and 32 (Doc. No. 129), without prejudice to the defendants' ability to seek dismissal of the Amended Complaint.[1]

## IV. CONCLUSION

For the reasons set forth herein, the Motion to Amend (Doc. No. 127) will be granted and the relevant Motions to Dismiss (Doc. Nos. 128, 129) will be denied.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge

---

[1] Other Motions to Dismiss not impacted by the amendments allowed under this ruling remain pending (Doc. Nos. 68, 77, 138).