IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GRAND ISLE GAMES, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:25-cv-00390 |
| v. ) | |
| ) | District Judge Aleta A. Trauger |
| THE ENTITIES, PARTNERSHIPS, AND ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| LISTED ON SCHEDULE A, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Pending are three motions for entry of default against certain defendants pursuant to Federal Rule of Civil Procedure 55(a) (Doc. Nos. 125, 143, and 172). For the following reasons, Plaintiff's Motions at Docket Nos. 125 and 143 are **DENIED as moot**, and the Motion at Docket No. 172 is **DENIED without prejudice**.

Plaintiff filed its original Complaint on April 16, 2025. (Doc. No. 1). The original defendants, 233 in total, were identified as the "entities, partnerships, and unincorporated associations identified in Schedule A" to the Complaint. (Doc. No. 9-1). Schedule A was filed at docket entry number 9-1. *Id.* On May 27, 2025, Plaintiff filed an amended Schedule A, which included a list of 234 defendants. (Doc. No. 32).

Following service of process,[1] on June 16, 2025, Plaintiff filed its first motion for entry of default ("First Motion"). (Doc. No. 72). On July 16, 2025, the Clerk entered an order granting in part and denying in part the First Motion. (Doc. No. 126).

---

[1] On April 22, 2025, the Court authorized service of process "via electronic means (including e-mail or the messaging systems of e-commerce platforms) or by posting on a designated website, pursuant to Fed. R. Civ. P. 4(f)(3), as defendants' true identities and addresses are unknown or located overseas, and service by traditional methods would be impracticable or ineffective. (Doc.

1

On July 15, 2025, Plaintiff filed a second motion for entry of default as to certain defendants ("Second Motion"). (Doc. No 125). On July 17, Plaintiff filed a motion to amend its complaint ("Motion to Amend"). (Doc. No. 127). The Motion to Amend sought to "add claims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and 1962(d), against **certain Defendants**." *Id.* (emphasis added). On August 5, 2025, Plaintiff filed a third motion for entry of default ("Third Motion"). (Doc. No. 143).

On August 12, 2025, the Court granted Plaintiff's Motion to Amend. (Doc. No. 152). The Amended Complaint states that the "Defendants are entities, partnerships, and unincorporated associations identified in Schedule A, which is being filed under seal." (Doc. No. 153 at ¶10). Upon review of the docket, the Clerk finds no evidence that Plaintiff has filed a new or revised Schedule A to accompany the Amended Complaint. On September 4, 2025, Plaintiff filed a fourth Motion for Entry of Default ("Fourth Motion"). (Doc. No. 172).

As noted by Plaintiff, the filing of an amended complaint can moot pending motions for entry of default and prior defaults entered by the Clerk. (Doc. No. 172). As a result, the Clerk denies as moot the Second and Third Motions for Entry of Default (Docket Nos. 125 and 143).

With respect to the Fourt Motion for Entry of Default, (Doc. No. 172), the Clerk denies it without prejudice. Despite expressing an intention to do so in the Amended Complaint, Plaintiff has not filed a new or amended Schedule A identifying the defendants in this action as of August 12, 2025. The Clerk cannot rely upon a schedule of defendants filed prior to the current operative complaint to resolve the Fourth Motion, especially when its clear from a review of the docket that a number of the defendants on the last iteration of the Schedule have been dismissed, entered appearances, or identified by other names.

---

No. 17). In support of its Motion for Preliminary Injunction, Plaintiff filed the Declaration of G. Edward Powell III, as evidence of service of process upon the defendants consistent with the Court's Order. (Doc. Nos. 36 and 36-1).

For the reasons stated herein, Plaintiff's Motions for Entry of Default at Docket Nos. 125 and 143 are **DENIED as moot**, and the Motion for Entry of Default at Docket No. 172 is **DENIED without prejudice**.

                s/ Lynda M. Hill
                Lynda M. Hill
                Clerk of Court